JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-11775-SB (PDx) | Date: | 3/1/2021 |
|---|---|---|---|

| Title: | Ken Flowers v. Clinicas Del Camino Real, Inc., et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING UNOPPOSED MOTION TO DISMISS [DKT. NO. 7]**

Defendant United States of America has filed a motion to dismiss the complaint filed by Plaintiff Ken Flowers. (Mot., Dkt. No. 7.) Plaintiff did not file an opposition, and Defendant filed a notice of non-receipt of opposition on January 28, 2021. (Dkt. No. 14.) For the reasons below, the Court **GRANTS** the motion.

Plaintiff filed suit in the Small Claims Division of Ventura County Superior Court against Defendants Clinicas Del Camino Real, Inc. (Clinicas) and Nisha Patel on February 28, 2019. (Compl., Dkt. No. 1-1.) Plaintiff seeks $9,500 in damages stemming from dental work that he claims was negligently performed. (*Id.*) Under 42 U.S.C. § 223(c), Defendant removed the action to federal court on December 30, 2020 upon certification that Clinicas and Patel were acting within the scope of their employment as Public Health Service employees. (Not. of Removal, Dkt. No. 1.) Defendant was substituted for Clinicas and Patel on January 5, 2021. (Dkt. No. 6.)

On January 6, 2021, Defendant filed this motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Once a party has moved to dismiss for lack of subject matter jurisdiction, the opposing party bears the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

The Federal Tort Claims Act (FTCA) provides the exclusive remedy for tort claims arising from conduct of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2679 *et seq.* Under the FTCA, the claimant must first exhaust administrative remedies before filing a tort action against the United States. *See* 28 U.S.C. §2675(a); 42 U.S.C. § 233(a). The exhaustion requirement is "jurisdictional in nature and may not be waived." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Defendant has provided evidence that Plaintiff has not submitted an administrative claim as required to exhaust his administrative remedies. (Decl. of Meredith Torres, Dkt. No. 7-1.)

Plaintiff has not provided any response. Central District Local Rule 7-12 allows the Court to grant motions as unopposed when a party does not respond. C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of unopposed motion to dismiss). Because Plaintiff has failed to file an opposition, and because the undisputed evidence shows that Plaintiff failed to exhaust his administrative remedies, Defendant's motion is **GRANTED**, and this action is **DISMISSED without prejudice**.

    **IT IS SO ORDERED**.